[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiffs John J. MacDonald and Karen K. MacDonald have brought this action against the Defendant Vito Masotti for damages resulting from alleged defects concerning the chimney to their home constructed by Sugar Plum Acres, Inc., a corporation of which the Defendant was president and principal. Plaintiffs purchased the property from the corporation pursuant to a contract with the corporation dated February 5, 1986, the closing and transfer of title occurring on July 30, 1986.
The foundation for the chimney was initially poured as part of the house foundation, but was mistakenly placed on the south side of the structure. The mistake came to light during construction. The exposed portion of the south side foundation was then capped, and the chimney foundation relocated to the proper north side. However, the relocated north side foundation could no longer be constructed as one piece with the now poured house foundation. CT Page 14623
The claimed defects first came to the attention of the Plaintiffs on June 10, 1993, when the Plaintiff John J. MacDonald noticed a gap between the chimney and the house. Shortly thereafter the Defendant viewed the premises at Plaintiffs' request. At trial Defendant conceded that the chimney was "pulling away from the house a little at the top." Plaintiffs had the chimney demolished and replaced by another contractor at a cost of $4,900.00.
This lawsuit is brought under General Statutes § 52-584a, respecting actions against "any architect or professional engineer performing or furnishing the design, planning, supervision or observation of construction or construction of such improvement." The Plaintiffs allege that the Defendant "was acting as the architect/engineer on said building project." Only the First Count of the Revised Complaint dated January 3, 1995 is in issuer the Second Count of this two-count complaint having previously been stricken.
Section 52-584a is a statute of limitations, providing that no action within its purview may be brought more than seven years after substantial completion of such improvements. Subsection (b) provides that if the injury complained of occurred during the seventh year after substantial completion, action in tort may be brought within one year thereafter but in no event more than eight years after substantial completion or construction of such improvement. The Court interprets the improvement in this case to be that required to be constructed pursuant to the February 5, 1986 contract, namely the completed house and appurtenances.
The threshold issue presented to the Court is whether this action has been timely brought under § 52-584a. Defendant has not specially pleaded any statute of limitations defense, as required by Practice Book § 164. However, the parties orally stipulated at the commencement of trial that it was not necessary for Defendant to do so, but that the burden of proof is on the Plaintiffs to prove compliance with § 52-584a because they have affirmatively pleaded such.
Although the relevant evidence is sparse, the Court finds that Plaintiffs have satisfied their burden of proof on this issue, under § 52-584a(b). The Certificate of Occupancy (Defendant's Exhibit A) issued July 30, 1986. With one exception, all of the sign-offs are dated between July 25 and July CT Page 14624 30, 1986. The one exception, a "5/86" date for footings, is obviously well prior to substantial completion. The Court finds that substantial completion occurred in July 1986. There is no evidence that the injury resulting from the defects occurred prior to its discovery by Plaintiffs on June 10, 1993, a date during the seventh year after substantial completion. The process commencing this action was served on May 20, 1994, a date less than eight years after substantial completion.
The Court will now address the substantive issues. It was incumbent upon the Plaintiffs to prove (1) that the Defendant was acting as an architect or professional engineer; (2) that he performed pertinent services as such; and (3) that the injury resulted from a deficiency in such performance. The Plaintiffs have failed to satisfy their burden of proof on each of these requirements.
Plaintiffs' only witness was the Plaintiff John J. MacDonald. Plaintiffs offered no expert or otherwise technical testimony. Plaintiffs concede that the Defendant was not at the relevant times either a licensed professional engineer or a licensed architect. There was no evidence that the Defendant fit within the definition of "professional engineer" set forth in General Statutes § 20-299(1).
Rather, Plaintiffs contend that the Defendant engaged in the "practice of architecture," and thus was an "architect," as defined in General Statutes § 20-288(2)-(3). The evidence, however, did not establish that the Defendant rendered any of the statutorily listed services constituting practice. The evidence primarily established that the Defendant supervised the construction, an activity specifically exempted under § 20-298(e).DiSilvestri v. Golden Crest Motel Corporation, 148 Conn. 121
(1961).
It would appear that there was a substantial defect concerning the chimney, necessitating the remedial action taken by the Plaintiffs. At best, however, the defect was a construction defect.
Judgment may enter for the Defendant. No costs are awarded to either party.
DAVID L. FINEBERG JUDGE, SUPERIOR COURT CT Page 14625